**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSUREDPARTNERS OF NEVADA, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> L/P INSURANCE SERVICES, LLC, *et al.*, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

3:21-cv-00433-RCJ-WGC

**ORDER**

AND NOW, on this first day of October, 2021, upon consideration of Plaintiff, AssuredPart-ners of Nevada, LLC's ("Assured") Emergency Motion for a Temporary Restraining Order, and Expedited Discovery, against Defendants, L/P Insurance Services, LLC; Deanna DeHart; Court-ney Pino; Christopher "Bryce" Warner; Gigi Bradley; and Heather Piatt (collectively "Defend-ants") (DeHart, Pino, Warner, Bradley, and Piatt are collectively the "Former Employee Defend-ants"), and having determined that:

1. The rights of Assured with respect to its confidential and proprietary information, legit-imate business interests, and contracts with the Former Employee Defendants, are being and will continue to be violated by the Defendants and irreparably harmed unless Defendants are restrained

from any further solicitation of Assured's clients and employees and from any further use or possession of Assured's confidential and proprietary information;

2. Assured is likely to succeed on the merits of its claims;

3. Assured will suffer irreparable harm if the Former Employee Defendants are permitted to continue violating their contractual obligations;

4. Assured will suffer irreparable harm if Defendants are permitted to continue misusing and misappropriating Assured's confidential information;

5. Assured has no adequate remedy at law;

6. Assured will suffer greater injury by the denial of injunctive relief than would be inflicted upon Defendants by the granting of such relief;

7. Granting Assured's request for injunctive relief will serve the public interest in the protection of proprietary business and trade secret information, the preservation of goodwill, and the enforcement of contractual agreements; and

8. Expedited discovery would streamline the preliminary injunctive proceedings;

**IT IS HEREBY ORDERED THAT:**

A Temporary Restraining Order shall issue immediately against Defendants, enjoining and restraining them from, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of Defendants, soliciting Assured's clients and employees and retaining, using or disclosing any Assured documents or information, including any information the Former Employee Defendants took from Assured before or at the time of their resignations, and accordingly:

1. Defendants are ordered to return to Assured all confidential, proprietary, and/or non-public information, whether or not in a written or recorded form, concerning the business or affairs

of Assured, including but not limited to, information concerning Assured's clients, prospective clients, acquisition targets, vendors, insurance carriers, policy forms, rating information, expiration dates, and/or contracts or arrangements; Assured's financial condition, results of operations, marketing plans, business plans, operations, pricing, promotions, and business strategies and methods; and the services and products offered by Assured to its clients or prospective clients, including but not limited to, policy forms, rating information, expiration dates, information on risk characteristics, and information concerning insurance markets for large or unusual risks ("Confidential Information") within 24 hours of notice to Defendants or their counsel of the terms of this Order;

2. Defendants are enjoined from accessing, viewing, opening, or reviewing in any way any of Assured's Confidential Information in Defendants' possession, custody, or control, pending the Defendants' return to Assured of all such Confidential Information;

3. Defendants are enjoined from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying or altering any original, copy or duplicate of any of Assured's Confidential Information in Defendants' and each of their possession, custody, or control, pending the Defendants' complete return to Assured of all such information, as well as any data, documents, writing, proposals, lists, or other physical evidence relating to any of the Defendants' actions alleged in Assured's Complaint;

4. Defendants are enjoined from disclosing, disseminating, distributing, leaking, publishing, selling, or transferring to or sharing with any person whatsoever, directly, or indirectly, any Confidential Information in Defendants' and each of their possession, custody, or control, including, but not limited to, the oral disclosure of this information to third parties;

5. The Former Employee Defendants are enjoined from, directly and indirectly, offering, selling, soliciting, quoting, placing, providing, renewing, or servicing any insurance product or service to, or on behalf of any Restricted Client that has not, as of the time of this Order, signed a

broker-of-record in favor of LP. Restricted Clients include (a) any Assured client as to which any of the Former Employee Defendants had some involvement in proposing, selling, quoting, placing, providing, servicing, or renewing any insurance product or service or about whom any Former Employee Defendant received Confidential Information during the two years preceding the date of each Former Employee Defendant's termination of employment from Assured; and (b) any prospective Assured client as to which any of the Former Employee Defendants had some involvement in proposing, selling, quoting, placing, providing, servicing, or renewing any insurance product or service or about whom any Former Employee Defendant received Confidential Information during the two years preceding the date of each Former Employee Defendant's termination of employment from Assured;

6. The Former Employee Defendants are enjoined from, directly and indirectly, taking any action intended, or reasonably likely, to cause any vendor, insurance carrier, wholesale broker, Restricted Client, other Assured client, or any other third party with a material business relationship with Assured to cease or refrain from doing business with Assured, except for clients that have, as of the time of this Order, already signed a broker-of-record in favor of LP ;

7. The Former Employee Defendants are enjoined from, directly and indirectly, soliciting, hiring, engaging, or seeking to induce any of Assured's employees to terminate such employee's employment with Assured for any reasons, including, without limitation to work for the Defendants;

8. Defendants are enjoined until the preliminary injunction hearing and thereafter until further Order of this Court from manipulating, destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records, or documents (including on all computers, smartphones, digital storage devices, and cloud-based applications) in Defendants' possession or control that were obtained from or contain or are derived from Assured information;

9. Defendants are ordered to identify, in writing to Plaintiff's counsel within 24 hours of notice to Defendants or their counsel of the terms of this Order, the type and serial numbers of any computer, server, phone, tablet, removable storage device, and/or any other electronic devices owned by, provided by, and/or in the possession or control of the Former Employee Defendants, and accessed by the Former Employee Defendants, on which Assured information was accessed, stored, and/or downloaded;

10. The Defendants are ordered to, within 24 hours of notice to the Defendants or their counsel of the terms of this Order, deliver to iDiscovery Solutions (Attn: James D. Vaughn, 535 Anton Blvd., Suite 860, Costa Mesa, CA 92626) the following external storage devices so that such devices can be forensically examined:

        a. Maxone USB (S/N: msft300002020001006)

        b. CBM USB (S/N: 3005180499822307)

        c. Maxone USB (S/N: AA6D5056)

Defendants are enjoined from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying, or altering the aforementioned devices, pending the Defendants' complete return of these devices to iDiscovery Solutions. Such devices shall be returned to the Former Employee Defendants once all Assured data has been purged from the devices. Assured shall maintain a copy of all information purged from the devices.

11. The Former Employee Defendants are ordered to, within 24 hours of notice to the Former Employees or their counsel of the terms of this Order, communicate with Plaintiff's counsel and reach agreement with Plaintiff on the selection of a neutral computer forensics expert to image and conduct forensic examination of the devices describe herein. The Parties shall then jointly engage the agreed upon neutral forensics expert, and the Parties shall split the costs of this forensic examination. Within 24 hours of the Parties' selection of a neutral forensics expert, the Former

Employee Defendants shall deliver to said expert all electronic devices, including, but not limited to, flash drives, removable hard drives, tablets, personal computers, iPhone or android devices, discs, iPads, and the like that were used by the Former Employee Defendants for purposes of performing their work at Assured (such as communicating with clients) or that are otherwise under their control that at any time contained Assured information (including, but not limited to, the Former Employee Defendants' personal cell phones on which they have saved any contact information of or text messages exchanged with any of the Restricted Clients), so that such devices can be forensically examined by the neutral expert. This specifically includes any devices containing Assured information that the Former Employee Defendants have used, or are using, as employees of LP. Defendants are enjoined from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying, or altering the aforementioned devices, pending the Defendants' complete delivery of these devices to the neutral expert. The neutral expert shall first forensically image all the devices delivered by the Former Employee Defendants for preservation purposes. The Parties shall, within 3 days of selecting the neutral expert, agree on a reasonable forensic examination protocol to be followed by the neutral expert in examining these devices to determine whether any Assured data is located on these devices or whether the devices were used to transfer or copy any such data from or to other locations. This forensic examination shall be completed, and the results shared by the neutral expert with all Parties within 14 days of the effective date of this Order and before the preliminary injunction hearing. If this forensic examination

12. DeHart shall make herself available to be deposed by Plaintiff's counsel within 14 days of notice to Defendants or their counsel of the terms of this Order.

13. Pino shall make herself available to be deposed by Plaintiff's counsel within 14 days of notice to Defendants or their counsel of the terms of this Order.

14. Warner shall make himself available to be deposed by Plaintiff's counsel within 14

days of notice to Defendants or their counsel of the terms of this Order.

15. Piatt shall make herself available to be deposed by Plaintiff's counsel within 14 days of notice to Defendants or their counsel of the terms of this Order.

16. Bradley shall make herself available to be deposed by Plaintiff's counsel within 14 days of notice to Defendants or their counsel of the terms of this Order.

17. LP shall make available its employee, Brian Cushard, to be deposed by Plaintiff's counsel within 14 days of notice to Defendants or their counsel of the terms of this Order.

18. Defendants shall have the right to depose up to 5 agents of Plaintiff by Defendants' counsels within 14 days of notice to Plaintiff or its counsel of the terms of this Order.

19. The taking of the depositions referred to above is for purposes of the preliminary injunction hearing and shall not limit the parties' right to take full depositions of the same witnesses in the course of ordinary discovery.

20. In advance of the depositions referred to above, the parties shall have the right to serve 15 document requests and 15 interrogatories on the opposing parties to be answered by each of them within seven (7) days.

21. This Order is effective as of October 1, 2021.

22. In accordance with Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect until October 15, 2021 at 12:00 pm, at which time it will expire unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court.

23. This temporary restraining order is hereby conditioned upon Plaintiffs filing with the Clerk of this Court no later than 5:00 P.M. on October 1, 2021, an undertaking in the form of a bond, a certified, cashier's or attorney's check, or cash, in the amount of $10,000.00 to secure the payment of such costs and damages as may be incurred or suffered by any party who is found to

have been wrongfully enjoined or restrained hereby.

24. Defendants shall show cause before this Court on the Fifteenth day of October 2021 at 9:00 am, or as soon thereafter as counsel may be heard, why a preliminary injunction should not be ordered according to the terms and conditions set forth above.

Entered this first day of October, 2021, at 1:00 P.M.

**BY THE COURT:**

_____
ROBERT C. JONES
United States District Judge