Z. KATHRYN BRANSON, ESQ., Bar No. 11540
LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway, Suite 300
Las Vegas, Nevada  89169-5937
Telephone:	702.862.8800
Fax No.:	702.862.8811
Email: kbranson@littler.com

THOMAS W. CARROLL, ESQ., CO Bar No. 41438
*(Admitted Pro Hac Vice)*
LITTLER MENDELSON P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado  80202-5835
Telephone:	303.629.6200
Fax No.:	303.629.0200
Email: tcarroll@littler.com

JAMES M. WITZ, ESQ., IL Bar No. 6210443
*(Admitted Pro Hac Vice)*
LITTLER MENDELSON P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois  60654
Telephone:	312.372.5520
Fax No.:	312.372.7880
Email: jwitz@littler.com

*Attorneys for Defendant*
L/P INSURANCE SERVICES, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSUREDPARTNERS OF NEVADA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>L/P INSURANCE SERVICES, LLC; DEANNA DEHART; COURTNEY PINO; CHRISTOPHER "BRYCE" WARNER; GIGI BRADLEY; and HEATHER PIATT;<br><br>Defendants. | Case No. 3:21-cv-00433-RCJ-WGC<br><br>**STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT** |

AssuredPartners of Nevada, LLC ("Assured"), L/P Insurance Services, LLC ("LP"), Deanna DeHart, Courtney Pino, Christopher Warner, Gigi Bradley, and Heather Piatt (collectively

"Individual Defendants") (all parties collectively referred to as "the Parties") hereby stipulate to, agree to, and respectfully move this Court for entry of a protective order in accordance with the terms set forth below.

Discovery in this action is likely to involve the Production of trade secrets and confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court for entry of the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not automatically entitle them to file confidential information under seal; Local Rules set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

I.   GOOD CAUSE STATEMENT

This action is likely to involve the disclosure of material protected under the constitutional, statutory, or common-law right to privacy or protected as trade secrets as well as confidential business, financial, proprietary, or private personnel, policy, and payroll information. Such confidential and proprietary materials and information consist of, among other things, confidential information regarding current and former employees, confidential business or financial information, confidential client information, information regarding confidential business practices, and other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their

handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, nonpublic manner, and there is good cause why it should not be part of the public record of this case.

II.     DEFINITIONS

    A.      Action: the above referenced matter titled *AssuredPartners of Nevada, LLC v. LP Insurance Services, LLC et al*, No. 3:21-cv-00433-RCJ-WGC, in the United States District Court, District of Nevada.

    B.      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    C.      "CONFIDENTIAL" Information or Items: information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the proprietary information of the Parties or any third parties. Confidential Information also includes, but is not limited to, (1) private information pertaining to LP's, Plaintiff's, or a third party's employees, for which LP, Plaintiff, or a third party has a duty to maintain its confidentiality; (2) nonpublic personal identifying information such as Social Security numbers of any party, any employee, agent, officer, or representative of any party, or any third party; and (c) nonpublic personal or proprietary financial, marketing, or business information of any party, any employee, agent, officer, or representative of any party, or any third party, such as bank accounts and routing numbers (and which does not otherwise meet the definition for financial information described in Section II.D).

    D.      HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY: information that is either (1) information that reveals trade secrets; or (2) other highly confidential business, research, technical, commercial, marketing, or financial information that the party has maintained as confidential and review by another party to these proceedings would put the producing party at a competitive disadvantage regarding their business or business activities. Information or documents

that are available to the public may not be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

E. <u>Designating Party</u>: a Party or Non-Party that designates information or items as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

F. <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

G. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, including such Expert's support staff.

H. <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

I. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

J. <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

K. <u>Party</u>: any party to this Action, including all of its officers, directors, members, managers, employees, consultants, Experts, and Outside Counsel of Record.

L. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

O. <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

III. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel of Record that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

IV. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

V. <u>DESIGNATING PROTECTED MATERIAL</u>

A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, where feasible. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations made in bad faith are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.  <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1.  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "ATTORNEYS' EYES ONLY legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," depending on the nature of the documents subject to inspection. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

2.  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded or within a reasonable time period thereafter) a right to have up to 21 days after receiving the transcript to

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, and subject to the obligations in Section V.A above, a Designating Party may specify, at the deposition or up to 21 days after receiving the transcript if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

        3.    for interrogatory answers or responses or answers to deposition questions by written question under Rules 33 and 31, respectively, the Producing Party must conspicuously include the appropriate legend in the answer or response.

    C.    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.    <u>CHALLENGING DESIGNATIONS</u>

    A.    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation at any time that is consistent with the Court's Scheduling Order governing the close of discovery.

    B.    <u>Meet and Confer</u>. The Challenging Party shall meet and confer in good faith with the Designating Party. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within seven days of the date of service of notice. After such meet-and-confer period, the Challenging Party may present such challenges to the Court in accordance with the Local Rules.

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

C. <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has withdrawn the designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

VII.   ACCESS TO AND USE OF PROTECTED MATERIAL

A.   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below (FINAL DISPOSITION).  Any improper use of Protected Material by a Party or Non-Party may subject the offending Party or Non-Party to sanctions for violation of this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1.   the Receiving Party's Outside Counsel of Record in this Action;

2.   the officers, directors, members, managers, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3.   Experts the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound" (Exhibit A);

4.   the Court and its personnel;

5.   court reporters and their staff;

      6.    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be Bound" (Exhibit A);

      7.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      8.    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

      9.    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

      10.    anyone else the Parties agree to through agreement of counsel on the record at a deposition or by agreement in writing, which shall not require further order of the Court.

    C.    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to:

      1.    the Receiving Party's Outside Counsel of Record in this Action;

      2.    Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound" (Exhibit A);

      3.    the Court and its personnel;

      4.    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound" (Exhibit A);

5. the author or recipient of a document containing the information or a custodian;

6. any person who is alleged to have had access to, misappropriated, or otherwise used a document that has been designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, but only to the extent necessary to assist counsel in the prosecution or defense of this action while counsel is present, and provided that the person agrees to be bound by the terms of this Order (this exception does not apply to documents created for the purpose of this litigation and marked "HIGHLY CONFIDENTIAL ATTORNEYS-EYES ONLY"); and

7. anyone else the Parties agree to through agreement of counsel on the record at a deposition or by agreement in writing, which shall not require further order of the Court.

D. <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

1. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

VII. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party, if requested.

C. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

VIII. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

IX. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and Section X below.

X. <u>FEDERAL RULE OF EVIDENCE 502(D) AND (E) CLAWBACK AGREEMENT</u>

Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

A. The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, common-interest privilege, and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

B. The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

C.  If, during the course of this litigation, a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

1.  the Receiving Party shall: (a) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (b) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (c) specifically identify the Protected Documents by Bates number range or hash value, and, (d) within 10 days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation-review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database or sequestered. Where such Protected Documents cannot be destroyed or sequestered, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work-product Protected Documents.

2.  If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within 10 days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

D.  If, during the course of this litigation, a party determines it has produced a Protected Document:

   1. the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

   2. The Receiving Party must, within 10 days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation-review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database or sequestered.

  E. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

  F. The Receiving Party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

   1. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

   2. the disclosure of the Protected Documents was not inadvertent;

   3. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

   4. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

  G. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

  H. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

  I. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.

  J. By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

XI. INFORMATION SECURITY

  A. Any person in possession of another party's Confidential Information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or hazards to the security of such

Confidential Information, and protect against unauthorized access to or use of such Confidential Information. To the extent a person or party does not have an information security program they may comply with this provision by having the Confidential Information managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program.

If the party who receives Confidential Information discovers a breach of security, including any actual or suspected unauthorized access, relating to another party's Confidential Information the Receiving Party shall: (a) promptly provide written notice to Designating Party of such breach; (b) investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and (c) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

XII.     MISCELLANEOUS

   A.     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   B.     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   C.     Filing Protected Material. Before filing Protected Material designated by another Party, the filing party must confer with the Designating Party about whether the Designating Party

believes the Protected Material should be filed under seal and, if so, the Parties must confer and comply with the Local Rules to ensure that Protected Material is not inadvertently filed publicly without the Designating Party having an opportunity to restrict it. A Party that seeks to file under seal any Protected Material must comply with the applicable Local Rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in according with Local Rule IA 10-5.  Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City of County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006) and *Pintos v. Pac Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir 2010).

XIII.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or permanently destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or permanently destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or permanently destroyed  and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even

if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

Any violation of this Protective Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**Dated:  October 14, 2021.**           **LITTLER MENDELSON**

By: /s/ Z. Kathryn Branson
JAMES M. WITZ
THOMAS W. CARROLL
Z. KATHRYN BRANSON
*Attorneys on behalf of*
**L/P INSURANCE SERVICES, LLC**

**Dated: October 14, 2021.**           **FISHER & PHILLIPS LLP**

By: /s/ Usama Kahf
USAMA KAHF
ANDREW SAXON
DAVE WALTON
ALLISON L. KHEEL
*Attorneys for Plaintiff*
**ASSUREDPARTNERS OF NEVADA, LLC**

**Dated: October 14, 2021.**           **SNELL & WILMER**

By: /s/ Paul Swenson Prior
PAUL SWENSON PRIOR
JANINE C. PRUPAS
ALEXIS RENEE WENDL
*Attorneys for Individual Defendants*
**Warner, Pino, DeHart, Bradley, and Piatt**

Paragraph XII is modified to reflect that any motion regarding filing confidential information and motions to seal shall also comply with *Center for Auto Safety v. Chrysler Group, LLC,* 809 F.3d 1092, 1097 (9th Cir. 2016).

 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

 DATED:  October 15, 2021.

_____
U.S.         MAGISTRATE         JUDGE

18

**Attachment A**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASSUREDPARTNERS OF NEVADA, LLC,<br><br>Plaintiff,<br><br>v.<br><br>L/P INSURANCE SERVICES, LLC; DEANNA DEHART; COURTNEY PINO; CHRISTOPHER "BRYCE" WARNER; GIGI BRADLEY; and HEATHER PIATT;<br><br>Defendants. | Case No. 3:21-cv-00433-RCJ-WGC<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms, ensuring that any employees and clerical assistants will also abide thereby. The undersigned submits to the jurisdiction of this court in matters relating to the Protective Order and understands that the terms obligate him/her to use documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Entered into on this _____ day of _____, 202__.

Signature: _____

Print Name: _____

Address: _____

_____

LITTLER MENDELSON P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169.5937
702.862.8800