UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ASSUREDPARTNERS OF NEVADA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | 3:21-cv-00433-RCJ-CLB |
| vs. | ) ) | **ORDER** |
| L/P INSURANCE SERVICES, LLC, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

This Court granted Plaintiff's a temporary restraining order enjoining Defendants from taking Plaintiff's clients and from misappropriating Plaintiff's trade secrets. (ECF No. 17.) The Court also allowed for limited discovery to occur before this Court held a preliminary injunction hearing. (*Id.*) The limited discovery allowed for Plaintiffs to depose the five Employee Defendants (Ms. Deanna DeHart, Ms. Courtney Pino, Mr. Christopher Bryce Warner, Ms. Gigi Bradley, and Ms. Heather Piatt) and Mr. Brian Shaw, an agent of Defendant L/P Insurance Services, LLC (LP). (*Id.*) The Court further allowed Defendants to depose five agents of Plaintiff. (*Id.*)

The parties stipulated to expand the scope of the discovery to include six clients that switched to Defendant LP from Plaintiff after the Employee Defendants began working for Defendant LP. (ECF No. 30.) To complete this discovery, the parties have agreed to hold the hearing

on November 15, 2021. (*Id.*) This Court entered a minute order setting the hearing for November 15, 2021 and which stated, "Counsel are directed to file exhibit lists and witness lists no lather [sic] than 3 days prior to the hearing." (ECF No. 33.)

On October 18, 2021, Plaintiff filed a motion seeking to further expand the scope of the limited discovery. (ECF No. 42.) It seeks a court order to allow it to depose two more employees of Defendant LP, Mr. Nick Rossi and Ms. Meghan Cushard, before the preliminary injunction. (*Id.*) It also seeks to compel the parties to disclose each witness they intend to rely upon at the preliminary injunction hearing by October 20, 2021 regardless of whether the witness is testifying orally or by affidavit and for the Court to allow for the deposition of every identified witness. (*Id.*) Lastly, it also seeks to exclude any undisclosed witness from testifying at the preliminary injunction hearing. (*Id.*) Defendants have filed a response opposing this motion. (ECF No. 44.)

Plaintiff has attached emails to this motion showing that it has attempted to confer with Defendants such that these amendments could be made to the limited discovery before the preliminary injunction hearing. (ECF No. 42 Ex. 1.) Defendants declined to allow for these additional depositions as unnecessary for the limited expedited discovery that was to take place for this preliminary injunction. (*Id.*) They also declined to identify all of their witnesses, stating "Regarding witness identification for the hearing, we think the parties should identify by November 8th, one week before the hearing which is a reasonable time before the hearing. Your own interrogatory responses refused to identify your proposed witnesses at this point." (*Id.*)

In the process of the limited discovery that has already taken place, Plaintiff discovered emails showing that Mr. Rossi and Ms. Cushard were "heavily involved" in the solicitation of Plaintiff's employees to switch to work for Defendant LP, which they dubbed "Project Forest Fire." (ECF No. 42 at 6.) Defendants have indicated that they have over 20 declarations from

///

former clients of Plaintiff, have not disclosed their identities to Plaintiff, and have declined to expand the limited discovery to encompass their depositions. (*Id.*)

### LEGAL STANDARD

Rule 26(d) of the Federal Rules of Civil Procedure generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d)(1). Courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause. *See Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011). "Expedited discovery is not the norm" and, therefore, the moving party "must make some prima facie showing of the need for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Good cause exists when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009).

The good cause standard may be satisfied when a party seeks a preliminary injunction. *Id.* In the context of a pending preliminary injunction motion, expedited discovery may be ordered where "it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (internal quotations and citations omitted). But the mere fact that party has moved for a preliminary injunction does not thereby entitle the party to receive expedited discovery. *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066. Any discovery sought for a preliminary injunction must be evaluated against the purpose of a preliminary injunction, i.e., to preserve the status quo. *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 234 F.R.D. 4, 7 (D.D.C. 2006). A court should examine the requested discovery based on the entirety of the record to date and the reasonableness of the request in light of all surrounding circumstances. *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067, *O'Connor*, 194 F.R.D.

at 624. Courts examine the reasonableness of the request by considering a non-exhaustive set of factors: (1) whether a preliminary injunction is pending, (2) the breadth of the discovery requests, (3) the purpose for requesting the expedited discovery, (4) the burden on the defendant of compliance with the requested discovery, and (5) how far in advance of the typical discovery process the request was made. *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067 (quoting *Disability Rights Council of Greater Wash.*, 234 F.R.D. at 6).

A court may deny a motion for expedited discovery if a moving party seeks discovery that is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of the party's claims. *Id.* A court always retains discretion to prevent excessive or burdensome discovery in the interests of justice. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Accordingly, the court may save an otherwise impermissibly overbroad or burdensome expedited discovery request by excising the offending aspects of the discovery request. *See, e.g.*, *Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.*, No. 17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017) (limiting scope of requested discovery that was not sufficiently tailored).

**ANALYSIS**

The Court finds that Plaintiff has failed to satisfy the good cause standard to expand the scope of discovery to include more depositions. The breadth of the discovery that has already been approved by this Court is extensive, including 17 depositions to take place in one months' time. This has already placed a large burden on Defendants, and Plaintiff seeks to greaten this burden. Plaintiff's need for further discovery is heavily tempered by the extensive discovery this Court has already approved. For these reasons, the Court is not ordering further deposition at this time.

As for Plaintiff's assertion the Court should not allow Defendants to submit affidavits from witnesses that Plaintiff has not had an opportunity to depose, this is without merit. The Ninth

Circuit has ruled that a district court may conduct the entirety of a preliminary injunction hearing through written testimony. *See Stanley v. Univ. of S. California*, 13 F.3d 1313, 1326 (9th Cir. 1994) ("In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter . . . . [Appellant] had an opportunity to present additional affidavits. In addition, the district court accepted her offers of proof as conclusive proof of the matter represented."); *Kenneally v. Lungren*, 967 F.2d 329, 335 (9th Cir. 1992). Following these decisions, the Court need merely allow Plaintiff to argue from the written testimony—not depose the witnesses. The Court therefore will allow Defendants to submit these affidavits without Plaintiff deposing them.

Lastly, Plaintiff seeks to require the identification of witnesses no later than October 20, 2021 by the parties instead of the Court's date of November 12, 2021. This request is largely based on Plaintiff's demand that it be able to depose these witnesses, which is mooted because the Court denies this demand. Plaintiff also states it seeks to avoid "trial by surprise." Defendants are willing to stipulate to push this deadline up to November 8, 2021, but they claim that pushing the deadline up three weeks would impose a great burden given the scope of the discovery that has been allowed in this case. The Court agrees with Defendants.

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion to Modify the Scope of Limited Discovery (ECF No. 42) is DENIED.

IT IS FURTHER ORDERED that the Court modifies its Minute Order (ECF No. 33) in the following regard: Counsel are hereby ordered to file exhibit lists and witness lists no later than November 8, 2021.

IT IS SO ORDERED.

Dated October 21, 2021.

_____
ROBERT C. JONES
United States District Judge